UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIP COUTURE, INC., <br><br> Plaintiff, <br><br> v. <br><br> C.H. ROBINSON INTERNATIONAL, INC., <br><br> Defendant. | Civil Action No.: 16-3596 (JLL) <br><br> **OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant C.H. Robinson International, Inc.'s Motion for Reconsideration. (ECF No. 29). Plaintiff has opposed Defendant's Motion (ECF No. 32), which Defendant has not replied to.[1] The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Defendant's Motion for Reconsideration.

I.    **BACKGROUND**[2]

The Court has previously set forth the factual and procedural background of this action at length in its previous Opinion denying Defendant's Motion for Summary Judgment. (ECF No. 25). Accordingly, the Court need not restate, and hereby incorporates, same herein. Thus, the

---

[1] The time to submit a reply has since lapsed. This Motion was returnable on February 20, 2018, which meant Defendant was required to submit any reply to Plaintiff's Opposition on or before February 13, 2018. *See* L. Civ. R. 7.1(d)(3).

[2] These background facts are taken from the parties' statements of material facts, which were previously submitted in conjunction with the parties' summary judgment briefing. (ECF No. 16-2, Defendant's Rule 56.1 Statement of Facts ("Def. SMF"); ECF No. 23-2, Plaintiff's Rule 56.1 Statement of Facts ("Pl. SMF"); ECF No. 23-1, Plaintiff's Responses to Defendant's Statement of Material Facts ("Pl. Opp. SMF"); ECF No. 24-1, Defendant's Responses to Plaintiff's Statement of Facts ("Def. Opp. SMF")).

Court provides the following brief summary of this lawsuit.

In April 2014, Plaintiff purchased a shipment of Burberry® and Lacoste® shirts from non-party Trading Fashion Consultants ("TFC") for $118,000. (Pl. SMF ¶ 2). Said shirts were located in China at the time Plaintiff made the purchase. (Id.). Plaintiff retained Defendant to transport the shirts from China to Plaintiff. (Def. SMF ¶ 9; Pl. SMF ¶ 3). The parties' relationship was governed by a "Customs Power of Attorney." (Def. SMF ¶ 9; Pl. Opp. SMF ¶ 9). Said Power of Attorney explicitly stated "that the terms and conditions of service and relationship to the parties shall be construed according to the laws of the State of Illinois *without giving consideration to [sic] principals of conflict of law*." (Def. SMF ¶ 12) (emphasis added).

Thereafter, Defendant came into possession of the ordered shirts and kept said shirts at its warehouse in the United Kingdom. (Def. SMF ¶¶ 2, 19). Plaintiff ultimately paid the entire balance due to TFC on May 16, 2014, and notified Defendant of same. (Pl. SMF ¶ 6). Plaintiff began to question the authenticity of the shirts while they were in Defendant's possession. (Pl. SMF ¶ 12). Plaintiff could not authenticate the shirts, and sought to cancel the order. (Id.). Defendant acknowledges the fact that, Plaintiff "requested that the cargo be stored because [it] was questioning the authenticity of the cargo," and was aware that Plaintiff was potentially going to cancel the order. (Def. SMF ¶ 21). Plaintiff was unable to cancel the order because it was already delivered to Defendant's warehouse. (Pl. SMF ¶ 12; Def. SMF ¶ 21). Additionally, Plaintiff explicitly advised Defendant "that Plaintiff was the 'owner of this stock legally' and it could not be moved to a subsequent Canada buyer *without Plaintiff's authorization*." (Pl. SMF ¶ 14) (emphasis added). Despite Plaintiff's explicit instructions, Defendant returned the shirts to TFC. (Def. SMF ¶ 23).

Hence, on May 4, 2016, Plaintiff instituted this action asserting various claims. (ECF No. 1-1). Defendant answered on June 21, 2016. (ECF No. 2). The matter proceeded through discovery, and Defendant moved for summary judgment as to all of Plaintiff's claims on October 10, 2017. (ECF No. 16). The matter was fully briefed on December 4, 2017 (ECF Nos. 23-24), and this Court denied the motion on January 2, 2018. (ECF Nos. 25-26). Defendant then filed this Motion for Reconsideration on January 16, 2018. (ECF No. 29).

## II.     LEGAL STANDARD

"[R]econsideration is an extraordinary remedy that is granted '*very sparingly.*'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003)) (emphasis added); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). To prevail on a motion for reconsideration, the moving party must "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i).

The Court will reconsider a prior order only where a different outcome is justified by: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL

3257992, at *6 (D.N.J. Aug.16, 2010) (*citing United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (*quoting P. Schoenfeld*, 161 F. Supp. 2d at 353). Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i).

### III. <u>ANALYSIS</u>

The Court finds that reconsideration of the January 2, 2018 Opinion is not warranted. Defendant's five-page brief in support of its Motion boils down to one argument; that this Court "overlooked" certain arguments and facts. (ECF No. 29-1). Specifically, Defendant asserts that the Court did not take into account its argument regarding the application of English law, that the Court overlooked the fact that Defendant "properly" released the shirts to TFC, that Defendant "had no knowledge that [Plaintiff] owned the" shirts, and that that the order was cancelled by Plaintiff. (Id.).

None of these assertions are remotely correct. As to the application of law, the Court engaged in a lengthy choice of law analysis and concluded that the parties had contractually agreed to be bound by Illinois law. (ECF No. 26 at 5-6, 8). The Court also found that, at the very least, a genuine issue of material fact existed with respect to whether Defendant's release of the shirts was proper. (Id. at 9-12). Further, the Court found that a genuine issue of material fact existed with regard to Defendant's knowledge as to whether Plaintiff was or was not the rightful owner of the shirts. (Id.) Finally, this Court held that a genuine issue of material fact was present with

4

respect to whether or not Plaintiff cancelled the order and whether or not Defendant was aware of same. (Id.). Hence, the Court denied summary judgment as to all counts because genuine issues of material fact permeated throughout the entire record. Accordingly, Defendant has failed to carry its burden to support reconsideration in its favor, as Defendant has not set forth "(1) an[y] intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice." *CIGNA*, 52 F.3d at 1218.

## CONCLUSION

For the aforementioned reasons, Defendant's Motion for Reconsideration is denied. An appropriate Order accompanies this Opinion.

DATED: March 12th, 2018

JOSE L. LINARES
Chief Judge, United States District Court